## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___261 Sunnyside Road, West Grove, PA  19390___

Address of Defendant: ___UPS - 55 Glenlake Parkway NE, Atlanta, GA  30328___
___AETNA - c/o agent - C T Corporation System, 67 Burnside Avenue, East Hartford,___
___CT  06108-3408___

Place of Accident, Incident or Transaction: ___Willow Grove, Pennsylvania___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) ___ERISA matter___

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ___Edward C. Sweeney, Esq.___, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ___10/17/2017___    _Edward C. Sweeney_    ___64565___
                          Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___10/17/2017___    _Edward C. Sweeney_    ___64565___
                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SCOTT SCHWARTZENGRABER
261 Sunnyside Road, West Grove, PA 19390

**(b)** County of Residence of First Listed Plaintiff   Chester

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward C. Sweeney, Esquire   Wusinich & Brogan P.C.
537 W. Uwchlan Ave., Suite 200, Downingtown, PA 19335
610-594-1600

## DEFENDANTS

UNITED PARCEL SERVICE, INC. FLEXIBLE BENEFITS PLAN
55 Glenlake Parkway NE, Atlanta, GA 30328  (cont'd on attached sheet)

County of Residence of First Listed Defendant   Fulton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☒ 3   Federal Question
       *(U.S. Government Not a Party)*

☐ 2   U.S. Government
       Defendant

☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation -
      Transfer

☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. §1132(c)

Brief description of cause:
ERISA MATTER INVOLVING FAILURE TO PAY UNDER STD PLAN

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/17/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

SCOTT SCHWARTZENGRABER                    :          CIVIL ACTION
261 Sunnyside Road, West Grove, PA  19390  :
                            v.            :
UNITED PARCEL SERVICE, INC. FLEXIBLE BENEFITS PLAN :
55 Glenlake Parkway NE, Atlanta, GA  30328 :          NO. **17   4656**
(continued on attached sheet)

> In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

| | | |
|---|---|---|
| 10/17/2017 | Edward C. Sweeney, Esq. | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-594-1600 | 610-594-6518 | esweeney@wusinichbrogan.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEFENDANTS (cont'd)

AETNA LIFE INSURANCE COMPANY
c/o agent – C T Corporation System
67 Burnside Avenue
East Hartford, CT  06108-3408

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT SCHWARTZENGRABER | : | CIVIL ACTION |
| 261 Sunnyside Road | : | |
| West Grove, PA  19390 | : | |
| | : | |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. | : | JURY TRIAL DEMANDED |
| FLEXIBLE BENEFITS PLAN | : | |
| 55 Glenlake Parkway NE | : | |
| Atlanta, GA  30328 | : | |
| and | : | |
| AETNA LIFE INSURANCE COMPANY | : | |
| c/o agent – C T Corporation System | : | |
| 67 Burnside Avenue | : | |
| East Hartford, CT  06108-3408 | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

AND NOW COMES the Plaintiff, Scott Schwartzengraber, by and through his attorneys, Wusinich & Brogan P.C., and files the following Complaint against the Defendants:

## I.   PARTIES

1.   Plaintiff, Scott Schwartzengraber, is an adult individual and citizen of the Commonwealth of Pennsylvania.  Plaintiff currently resides at 261 Sunnyside Road, West Grove, PA  19390.

2.   Defendant, United Parcel Service, Inc. Flexible Benefits Plan (UPS) has a mailing address of 55 Glenlake Parkway NE, Atlanta, GA  30328.

1

3.     Defendant Aetna Life Insurance Company is a business corporation incorporated in the state of Connecticut, with a registered service address of C T Corporation System, 67 Burnside Avenue, East Hartford, CT  06108-3408 - as well as the technical Plan Administrator.

4.     At all relevant times, UPS issued a short-term group disability policy (herein "Policy" or "Plan") known as the UPS Flexible Benefits Plan to Scott Schwartzengraber which obligated UPS to provide short-term disability benefits to employees of UPS.

5.     The UPS Flexible Benefits Plan is a short-term disability benefits group plan governed by the Employee Retirement Income Security Act (ERISA).

6.     Aetna Life Insurance Company is the Administrator for the Plan and has the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact, as well as to make final and binding decisions on participants and beneficiaries of the Plan.

7.     Alternatively, UPS or more specifically its UPS Claims Review Committee serves as a Plan Administrator or is a dual role of Plan Administrator for the particular plan.

8.     UPS or the UPS Claims Review Committee has the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact, as well as to make final and binding decisions on participants and beneficiaries of the Plan.

9.     *De novo* review, or at least a heightened arbitrary and capricious standard, is appropriate presently for analyzing Plan decisions in this case, is necessary because of the conflicts of interest and/or lack of good faith presented by the Plans and their administrators.

2

## II.   JURISDICTION AND VENUE

10.   Jurisdiction of this action is conferred upon this Court by the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. §1132(c) in that the complaint presented within this Complaint arises under such federal law.

11.   Venue is properly within the Eastern District of Pennsylvania as Plaintiff lives in said Eastern District and the acts complained of were committed and occurred while Plaintiff lived within said District.

## III.   FACTUAL HISTORY COMMON TO ALL COUNTS

12.   Plaintiff has worked for UPS for 30 years and has worked in the Willow Grove location for the last 8 years.

13.   While UPS had Plaintiff's job coded as IPLD Specialist, he never did that job.  In the Willow Grove site he was a Retention Specialist, a job that involved training new hires and working with part-time supervisors.

14.   Plaintiff was 54 years old at the time the Plan analyzed his ability to work.

15.   As an employee of UPS, Plaintiff is covered by its Short-Term Disability Plan/Policy with Group Control Number 0895723 and Case Number 14276159.

16.   Plaintiff applied for short-term disability (hereafter "STD") benefits with an onset date of September 6, 2016.

17.   During the course of this claim, UPS assigned its rights and obligations to administer the Plan to Aetna, however, apparently a UPS Claims Review Committee of the Flexible Benefits Plan made the final decision of denial.

18.    Plaintiff went off from work because of post-traumatic stress disorder ("PTSD") or PTSD symptoms, anxiety attacks, depression, elevated blood pressure, and substance abuse. His substance abuse had a three-year history following his son's suicide.

19.    UPS/Aetna approved coverage for the periods of September 6, 2016 through October 4, 2016 and November 7, 2016 through December 27, 2016.

20.    Plaintiff was undergoing in-patient treatment in partial hospitalizations at the Rockford Center on September 19, 2016, through October 4, 2016, and November 8, 2016 through December 27, 2016.

21.    UPS/Aetna denied coverage from October 5, 2016 through November 6, 2016 and from December 27, 2016 onwards, the time period where Plaintiff was no longer at Rockford and was being treated by various medical professionals for his serious conditions in out-patient settings.

22.    Plaintiff did not "suddenly get better" either between October 5, 2016 through November 6, 2016 or from December 27, 2016 onwards, and, in fact, it was mandated that he receive follow-up care, and no medical provider anticipated he could immediately return to work in his own position.

23.    Aetna/UPS has made a distorted reading of the medical evidence to limit its coverage where Plaintiff was treating on a partial in-patient basis at the Rockford Center while not taking in context the body of medical evidence that showed Plaintiff's condition was ongoing between October 5, 2016 through November 6, 2016 or from December 27, 2016 onwards and he obviously needed follow-up care and could not return to work.

4

24.     Aetna/UPS's position is based upon "you can work if you are not in in-patient treatment." Aetna/UPS's position does not comport with modern medical practice where after care is typically done as follow up to in-patient care.

25.     Plaintiff was not released to go back for work by his own medical providers between October 5, 2016 through November 6, 2016 or from December 27, 2016 onwards.

26.     Aetna/UPS has declared that there are "insufficient objective clinical medical evidence examination findings" to support disability in denying Plaintiff's claim between October 5, 2016 through November 6, 2016 or from December 27, 2016 onwards.

27.     Aetna/UPS's approach here requiring objective clinical medical evidence is in direct contravention of long-standing Third Circuit precedent which has long held in ERISA cases that it is improper for a Plan to require objective evidence of conditions where the plaintiff suffers from a condition which cannot be shown by objective testing and thus cannot ignore subjective symptoms of pain. See Mitchell v. Eastman Kodak Co., 113 F.3d 433 (3d Cir. 1997).

28.     Aetna/UPS's practice of requiring objective clinical medical evidence has been held in at least one case decided in this very circuit under Mitchell against Aetna/UPS to be impermissible. Charles v. UPS National Long Term Disability Plan, 145 F.Supp. 3d 382 (E.D. Pa. 2015) (finding that Mitchell prevents requiring clinical evidence of disability).

29.     Aetna/UPS's conduct is in disregard of direct precedent on this issue in the Third Circuit and is arbitrary and capricious and/or biased.

30.     Aetna/UPS should be enjoined from requiring objective clinical medical evidence.

31.     Aetna/UPS has inaccurately characterized Plaintiff's disability as "alcohol abuse, uncomplicated" and failed to take into account his mental health diagnoses.

5

32.     Aetna/UPS supports its denial from a selective and/or biased and/or non-contextual reading of medical records and by reporting the Plaintiff's reported ongoing condition, both by himself and his medical providers. Aetna/UPS picks and chooses medical information that partially supports its position but, when read in context, Aetna/UPS made dishonest, false and erroneous conclusions that went against the totality of the medical evidence.

33.     Aetna/UPS's review of the medical evidence was arbitrary and capricious and/or biased.

34.     Aetna/UPS Plan members will not access needed medical care for their admittedly severe problems if they are denied short-term disability benefits under the extremely severe review practices undertaken in this case, ultimately working to the disadvantage of all Plan members who will be reluctant to seek treatment because their coverage will be denied through the Plan practices and conduct articulated in this Complaint.

35.     A Plan member should not be denied coverage unless they are clearly in an in-patient setting, as it sets perverse incentives and disincentives for both Plan members and their medical providers and goes against the thrust of modern medical insurance coverage, which often only authorizes limited in-patient stays.

36.     A release from an in-patient care facility is not an indication of an ability to work immediately.  To the contrary, almost in every instance, but certainly very often, it is not. Aetna/UPS has disregarded the existing medical evidence and/or its context to deny this claim.

## IV.   EXHAUSTION OF INTERNAL REMEDIES UNDER THE ERISA PLAN

37.     Plaintiff exhausted his remedies under this short-term disability Plan.

38.     Plaintiff has made only timely appeals internally in this Plan.

39.     On or about January 5, 2017, Plaintiff was given a partial overturn after an original denial.

40.     Plaintiff timely appealed his denial.

41.     In the last internal appeal, Plaintiff submitted further evidence of disability.

42.     Via letter dated April 21, 2017, Plaintiff was informed by the UPS Claims Review Committee that it made the decision to deny Plaintiff's appeal.

43.     Plaintiff was informed in that denial letter that he must take an appeal to federal court within six (6) months of the date of the denial letter.

44.     Plaintiff has taken this appeal to federal court within six (6) months and otherwise in a timely fashion.

## V.     FACTUAL AVERMENT OF THE CLAIM FOR RELIEF

45.     Plaintiff was a Retention Specialist although Defendant UPS called him, at times, an IPLD Specialist.  Plaintiff performed managerial duties which at UPS is characterized as a non-operations specialist/supervisor/manager position, and he worked at night.  His job functions include but are not limited to:

(a)     demonstrating cognitive abilities, such as working independently with appropriate judgment, the ability to concentrate, memorize, and recall; identify logical connections and determine sequence of response, process 2-3 steps ahead;

(b)     the ability to report to work on a regular and timely basis and complete the scheduled workday on a consistent basis;

(c)     the ability to work varying shifts and extended hours as service needs dictate;

(d)     the ability to travel by car to varying meetings and to other cites to do work as assigned;

7

(e)   being able to train and supervise employees effectively;

(f)   being able to perform various manual activities (grasping, pulling, pushing, carrying, etc.);

(g)   conducting meetings in a class setting.

46.   Defendant(s) has(ve) a duty to deny Plaintiff based on the Policy language of the Plan and to act at times in good faith regarding Plan Denials and not act in an arbitrary and capricious manner.

47.   Under the short-term disability policy applicable to Plaintiff, the definition of disability is such that if Plaintiff cannot perform the material and substantial duties of his own job, then he is considered disabled.

48.   On or about September 6, 2016, Plaintiff went out of work with a significant breakdown which included depression, anxiety, PTSD symptoms, and a serious problem with sobriety.  This followed three years of suffering as a result of his son's suicide.

49.   Plaintiff underwent in-patient treatment in a partial hospitalization setting at the Rockford Center on September 19, 2016 through October 4, 2016, which provided 6-hour daily therapy treatments a day.

50.   At his release from the Rockford program, it was anticipated that Plaintiff needed and would receive further out-patient treatment and was not ready to return to work.

51.   Plaintiff did seek the required follow-up care.

52.   On or about 10/12/16, Plaintiff was determined by his treating doctor, Dr. Jeanne Kelly, to be unable to return to work until 3/31/17.

53.   In its denial, Aetna/UPS has ignored a note faxed to it on 10/12/16 by Dr. Jeanne Kelly which kept Plaintiff out of work and indicated an anticipated return-to-work date of

3/31/17. It also ignored the clear import of other medical records in its possession at that time indicating a need for further treatment.

54.     Aetna/UPS has approved coverage for time Plaintiff spent from September 6, 2016, through October 4, 2016, most of it in-patient at the Rockford Center, and denied coverage for the period immediately thereafter until November 7, 2016.

55.     Plaintiff had suicidal thoughts and was going to relapse, so AETNA approved his going back to Rockford Center from November 7, 2016 through December 27, 2016 ("further inpatient care", treating three days a week, several hours a day).

56.     Notwithstanding knowing about the foregoing further in-patient care, Aetna/UPS has continued to assert Plaintiff could have worked his night supervisory position during the period October 5, 2016 through November 7, 2016.

57.     Aetna/UPS additionally claims that Plaintiff could have returned immediately to his position after his release from Rockford Center on December 27, 2016.

58.     Plaintiff was released from Rockford Center but not returned to work by his medical providers and, indeed, was "covered" by their recommendations not to return to work.

59.     Plaintiff had a "guarded" diagnosis upon discharge from Rockford Center.

60.     Plaintiff was released to the care of Dr. Kelly and Orlov Counseling Services.

61.     Plaintiff was out of work post December 27, 2016 based on an inability to do his job and on the advice of his medical providers.

62.     Aetna/UPS have additionally denied Plaintiff coverage starting December 27, 2016, based on its application of an inappropriate standard and the other facts and circumstances presently alleged.

9

63.    As already noted above, Aetna/UPS has engaged in arbitrary and capricious conduct in this litigation.

64.    On May 24, 2017, UPS sent Plaintiff a letter indicating that "[a]ccording to our records, you have been unable to perform the essential functions of the IPDL specialist position since 09/06/2016 and you have been receiving disability-related benefits pursuant to the UPS Income Protection Plan."

65.    This letter was issued after the close of the Plan Administrative Record on or about April 21, 2017 in Aetna/UPS's final denial from which this appeal is taken.

66.    Plaintiff seeks to open the Administrative Record to add this documentary evidence into this case.   Plaintiff characterizes this presently as an admission by UPS of his inability to do his own job under the policy language.   Plaintiff seeks the ability to discover, in pursuing a remedy for Plaintiff and members of the Plan, all evidence which will inform the Court of the occasion and rationale for issuing such a letter, including but not limited to whether Defendant is taking a contradictory position in Plaintiff's attempt to return to work under the Americans with Disabilities Act.

67.    Third Circuit precedent has long held in ERISA cases that it is improper for a Plan to require objective evidence of conditions where the plaintiff suffers from a condition which cannot be shown by objective testing and thus cannot ignore subjective symptoms of pain.   See Mitchell v. Eastman Kodak Co., 113 F.3d 433 (3d Cir. 1997).

68.    Aetna's expectation that the Plaintiff should undergo some additional "clinical" objective test to disability is arbitrary and capricious. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 443 (3d Cir.1997) (finding that requiring clinical evidence to prove plaintiff had chronic fatigue syndrome, a condition with no "dip stick" lab test, was arbitrary and capricious);

10

Charles v. UPS National Long Term Disability Plan, 145 F.Supp. 3d 382 (E.D. Pa. 2015) (finding that Mitchell prevents requiring clinical evidence of disability).

69.    A Plan Administrator cannot fail to consider subjective symptoms and reports of pain, concentration problems, lack of focus, memory problems, etc.

70.    Defendant's(s') actions in denying this claim violate its/their discretion as Plan Administrator and does not follow the Plan terms.

71.    Plaintiff is entitled to short-term disability benefits pursuant to the Policy, and the denial of benefits violates 29 U.S.C. §1132(a)(1).

72.    Plaintiff is entitled to a clarification of his benefits under the Policy pursuant to 29 U.S.C. §1132(a)(1).

73.    Plaintiff is entitled to have his attorney's fees and costs of action paid pursuant to 29 U.S.C. §1132(g).

74.    Plaintiff is entitled to have enjoined under 29 U.S.C. §1132(a)(3) all acts or practices which are violated by any provision of the subchapter in which §1132 appears or the terms of the Plan.

75.    Plaintiff seeks the Court to enjoin Defendant from considering objective clinical medical evidence examination findings as a prerequisite to disability in violation of the Mitchell Third Circuit precedent.

76.    Pursuant to the Plan, Plaintiff is entitled to payments of short-term disability benefits through period of the STD obligation under the Plan.

77.    Plaintiff is also entitled to all cost of living adjustments ("COLA") that have not been paid since the time of denial.

11

78.   Plaintiff is entitled to interest on outstanding monies based on the money Defendant(s) earned on it during the time period of denial.

79.   Plaintiff is equitably to be allowed relief as the Court determines just and proper under the circumstances given the equitable nature of ERISA, including but not limited to the award of damages for "bad faith" conduct, injunctive relief, equitable relief, attorney's fees, costs of depositions or video trial testimony tapes, and other litigation costs, including air fare, rental car, and hotel charges.

**COUNT I**

**<u>PLAINTIFF SCOTT SCHWARTZENGRABER vs.</u>**
**<u>DEFENDANT AETNA</u>**

80.   Plaintiff incorporates herein each and every paragraph above, 1 through 79, as if more fully set forth herein.

81.   Defendant Aetna's denial/ termination of Plaintiff's benefits was a violation of Plan discretion and in derogation of the definition of disability in the Policy.

82.   Defendant's activity in this case was arbitrary, capricious, not in good faith and/or otherwise manifestly inequitable under the circumstances presented.

83.   For all the reasons above, Defendant's decision to terminate Plaintiff's STD benefits was not in accord with the discretion afforded to it under the Plan.

84.   Plaintiff is entitled to coverage and benefits in the period between October 5, 2016 through November 6, 2016 and/ or from December 27, 2016 onwards to the expiration of the STD benefit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant Aetna in an amount equal to the short-term disability benefits to which Plaintiff is entitled and that all cost of living adjustments (COLA) be given.

12

Plaintiff further requests further damages permitted by ERISA, such as equitable surcharge attorney's fees, court costs, other costs and such other relief as the Court deems just and appropriate, including interest. Plaintiff further seeks an injunction under 29 U.S.C. §1132(a)(3) to prohibit the practices as articulated in the Complaint. Plaintiff seeks as equitable relief all items that the Court determines just and proper under the circumstances given the equitable nature of ERISA, including but not limited to the award of damages for "bad faith" conduct, injunctive relief, equitable relief, attorney's fees, costs of depositions or video trial testimony tapes, and other litigation costs, including air fare, rental car, and hotel charges.

## COUNT II

### PLAINTIFF SCOTT SCHWARTZENGRABER vs. DEFENDANT UPS

85.     Plaintiff incorporates herein each and every paragraph above, 1 through 84, as if more fully set forth herein.

86.     Defendant UPS's denial/ termination of Plaintiff's benefits was a violation of Plan discretion and in derogation of the definition of disability in the Policy.

87.     Defendant's activity in this case was arbitrary, capricious, not in good faith and/or otherwise manifestly inequitable under the circumstances presented.

88.     For all the reasons above, Defendant's decision to terminate Plaintiff's STD benefits was not in accord with the discretion afforded to it under the Plan.

89.     Plaintiff is entitled to coverage and benefits in the period between October 5, 2016 through November 6, 2016 and/ or from December 27, 2016 onwards to the expiration of the STD benefit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in favor of Plaintiff and against Defendant UPS in an amount equal to the short-term disability

benefits to which Plaintiff is entitled and that all cost of living adjustments (COLA) be given. Plaintiff further requests further damages and relief permitted by ERISA, such as attorney's fees, equitable surcharge, costs and such other relief as the Court deems just and appropriate, including interest.  Plaintiff further seeks an injunction under 29 U.S.C. §1132(a)(3) to prohibit the practices as articulated in the Complaint.  Plaintiff seeks as equitable relief all items that the Court determines just and proper under the circumstances given the equitable nature of ERISA, including but not limited to the award of damages for "bad faith" conduct, injunctive relief, equitable relief, attorney's fees, costs of depositions or video trial testimony tapes, and other litigation costs, including air fare, rental car, and hotel charges.

Respectfully submitted,

Date:  10/17/2017

BY:   /s/Edward C. Sweeney
     Edward C. Sweeney, Esquire
     Attorney for Plaintiff
     WUSINICH & BROGAN P.C.
     I.D. No. 64565
     537 West Uwchlan Avenue, Suite 200
     Downingtown, PA  19335
     (610) 594-1600
     Validation of signature code:  ECS1942